IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

METRO PARTS, INC., )
)
    Plaintiff, )
)
v. )   CASE NO. CV507-49
)
HARTFORD FIRE INSURANCE )
COMPANY, )
)
    Defendant. )
)

# ORDER

Before the Court is Defendant Hartford Fire Insurance Company's Motion for Summary Judgment. (Doc. 19.) For the reasons set forth below, the Motion is **GRANTED**.[1]

## BACKGROUND

This is an action for breach of an insurance contract. Plaintiff Metro Parts, Inc. ("Metro Parts") is a small niche-market manufacturer of automotive trim and body components. Defendant Hartford Fire Insurance Company ("Hartford") insured Metro Parts under a one-year combined property and liability insurance policy, which became effective on January 27, 2006 and carried the policy number 08 SBA UL0327 ("the Policy").

---

[1] Defendant's Request for a Hearing on the Motion for Summary Judgment (Doc. 27) is **DENIED**.

With respect to cancellation, the Policy provided that, if the Policy had been in effect more than 60 days and if Hartford canceled for a reason other than nonpayment of premium, Hartford must mail a notice of cancellation to the first named insured at least 45 days before the effective date of the cancellation. (Doc. 26, Ex. B).

Hartford contends that it mailed a Notice of Cancellation ("the Notice") via first-class mail to the first named insured, Metro Parts, on March 23, 2006. The Notice allegedly cancelled the Policy effective May 8, 2006. As evidence of the attempted cancellation, Hartford has presented a stamped receipt from the United States Postal Service showing a mailing to Metro Parts on March 23, 2006. (Doc. 26, Valente Aff. ¶ 4, Ex. B; Doc. 25, Reese Aff. ¶ 3). The stated reason for the cancellation was poor housekeeping in the work and storage areas, unserviced fire extinguishers, and a hazardous process for grinding and drilling aluminum. Metro Parts states that it did not receive the Notice.

On September 22 or 23, 2006, Metro Parts' business was damaged by a fire. Metro Parts presented a property damage claim to Hartford for the fire damage. Hartford denied coverage for the claim on the ground that the Policy had been cancelled on May 8, 2006.

2

Metro Parts sued Hartford in the Superior Court of Coffee County, Georgia for breach of the insurance contract. Hartford removed the case to this Court. The issue before the Court on summary judgment is whether Hartford's alleged cancellation of the Policy was effective.

**ANALYSIS**

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (citing Fed. R. Civ. P. 56 advisory committee notes). Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

The requirements for canceling an insurance policy are established by O.C.G.A. § 33-24-44, which provides, in pertinent part:

> (a) Except as otherwise provided in this chapter, cancellation of a policy which by its terms and conditions may be canceled by the insurer or its agent duly authorized by the insurer to effect such cancellation <u>shall be accomplished as prescribed in this Code section.</u>
>
> (b) <u>Written notice</u> stating the time when the cancellation will be effective, which shall not be less than 30 days from the date of mailing or delivery in person of such notice of cancellation or such other specific longer period as may be provided in the contract or by statute, <u>shall be delivered</u> in person or <u>by depositing the notice in the United States mails</u> to be dispatched by at least first-class mail to the last address of record of the insured and of any lienholder, where applicable, and receiving the receipt provided by the United States Postal Service or such other evidence of mailing as prescribed or accepted by the United States Postal Service.

(emphasis added).

Hartford contends that it complied with the statutory cancellation requirements – and with the Policy's cancellation requirements – by depositing a Notice of Cancellation in the mail 45 days prior to the effective date of cancellation. Metro Parts has presented affidavits stating that it did not receive the Notice of Cancellation. It argues that this is sufficient to create an issue of fact as to whether the Notice was mailed.

4

After careful consideration, the Court holds that Hartford is entitled to summary judgment because the Post Office receipt shows that Hartford complied with the requirements for cancellation. In an affidavit, the mailroom manager at Hartford's New Hartford, New York office states that a Notice of Cancellation was placed in the mail with first-class postage and picked up by a United States Post Office worker. (Doc. 25, Reece Aff. ¶ 2.) Hartford's records custodian has supplied the proof of mailing log, stamped by the Post Office on March 23, 2006, which shows the mailing to Metro Parts in Douglas, Georgia. (Doc. 26, Valente Aff. Ex. B.)

Georgia Courts have consistently held that this type of evidence entitles the insurer to summary judgment on a cancellation defense. See State Farm Mut. Auto. Ins. Co. v. Harris, 177 Ga. App. 826, 828, 341 S.E.2d 472 (1986)("Once it was established that the [proof of mailing] list was admissible in evidence as a business record . . . and the facts show a mailing of a notice of cancellation of coverage, then summary judgment should have been granted to State Farm."); Hill v. Allstate Ins. Co., 151 Ga. App. 542, 260 S.E.2d 370 (1979).

Metro Parts' argument that it did not receive the Notice does not create an issue of fact. "O.C.G.A.

5

§ 33-24-44 provides that notice is effective upon deposit in the U.S. mails with the issuance of an appropriate receipt [showing] that the mail was in the hands of the postal authorities." State Farm, 177 Ga. App. at 827. Whether the insured receives the notice of cancellation is "legally irrelevant and is not an issue which would preclude summary judgment." Id. (quoting Maddox v. Allstate Ins. Co., 164 Ga. App. 21, 22, 296 S.E.2d 84 (1982)).

Accordingly, Hartford's Motion for Summary Judgment is **GRANTED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

SO ORDERED this 9th day of April, 2008.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA